HUNTON ANDREWS KURTH LLP
MATTHEW BOBB (STATE BAR NO. 253308)
mbobb@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

HUNTON ANDREWS KURTH LLP
ROBERT T. QUACKENBOSS (*pro hac vice forthcoming*)
rquackenboss@HuntonAK.com
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: 202 • 955 • 1500
Facsimile: 202 • 778 • 2201

Attorneys for Defendants UNIVERSAL PROTECTION SERVICE, LP, UNIVERSAL PROTECTION SERVICE, LLC, ALLIED UNIVERSAL SECURITY SERVICES, and ALLIED UNIVERSAL SECURITY SERVICES, LLC

[*Additional counsel listed on next page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PABLO COTZOMI, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POINT 2 POINT GLOBAL SECURITY, INC., a California corporation; UNIVERSAL PROTECTION SERVICE, LP, a California corporation; UNIVERSAL PROTECTION SERVICE, LLC, a Delaware corporation; ALLIED UNIVERSAL SECURITY SERVICES, a Pennsylvania corporation; ALLIED UNIVERSAL SECURITY SERVICES, LLC, a Pennsylvania corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: 4:21-CV-00322-JSW<br><br>[*Assigned to the Honorable Jeffrey S. White*]<br><br>**DEFENDANTS UNIVERSAL PROTECTION SERVICE, LP, UNIVERSAL PROTECTION SERVICE, LLC, ALLIED UNIVERSAL SECURITY SERVICES, AND ALLIED UNIVERSAL SECURITY SERVICES, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br>Complaint Filed: November 6, 2020<br>Removed Date: January 13, 2021<br>Trial Date: None Set |

1  HUNTON ANDREWS KURTH LLP
   ALYSON BROWN (*pro hac vice forthcoming*)
2  browna@HuntonAK.com
   Riverfront Plaza, East Tower
3  951 East Byrd Street
4  Richmond, VA   23219-4047
   Telephone: 804 • 788 • 8200
5  Facsimile: 804 • 788 • 8218

6  HUNTON ANDREWS KURTH LLP
7  LUKAS MOFFETT (*pro hac vice forthcoming*)
   lmoffett@HuntonAK.com
8  1445 Ross Avenue, Suite 3700
   Dallas, Texas 75202
9  Telephone: 214 • 468 • 8204
   Facsimile: 214 • 880 • 0011
10

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

DEFENDANTS UNIVERSAL PROTECTION SERVICE, LP, UNIVERSAL PROTECTION SERVICE, LLC, ALLIED UNIVERSAL SECURITY SERVICES, AND ALLIED UNIVERSAL SECURITY SERVICES, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**Hunton Andrews Kurth LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

## ANSWER AND DEFENSES

Defendants, UNIVERSAL PROTECTION SERVICE, LP ("UPS, LP"), UNIVERSAL PROTECTION SERVICE, LLC ("UPS, LLC"), ALLIED UNIVERSAL SECURITY SERVICES ("AUSS"), and ALLIED UNIVERSAL SECURITY SERVICES, LLC ("AUSS, LLC") (collectively referred to herein as "Defendants") hereby file and serve their Answer and Defenses to the Class Action Complaint (the "Complaint") of Plaintiff Pablo Cotzomi ("Plaintiff"). Defendants deny all allegations in the Complaint not specifically admitted in this Answer.

## INTRODUCTION

1.   In response to Paragraph 1 of the Complaint, Defendants admit that this action purports to be brought under the Fair Credit Reporting Act ("FCRA") and similar California laws. Defendants deny that UPS, LP is a California corporation. Defendants deny that UPS, LLC is a Delaware corporation. Defendants deny that AUSS is a Pennsylvania corporation. Defendants deny that AUSS, LLC is a Pennsylvania corporation. Except as expressly admitted, Defendants deny the allegations of Paragraph 1 of the Complaint.

2.   In response to Paragraph 2 of the Complaint, Defendants admit that, from time to time, in connection with their hiring processes, UPS, LP and UPS, LLC procure background reports for job applicants and on occasion for existing employees. Defendants deny that they conducted, requested, or ordered a background check on or for Plaintiff. To the extent that Paragraph 2 alleges legal conclusions to which no response is required, Defendants deny those allegations on that basis. Except as expressly admitted, Defendants deny the allegations of Paragraph 2 of the Complaint.

3.   In response to Paragraph 3 of the Complaint, Defendants admit that Plaintiff, on behalf of himself and all other similarly situated current, former, and prospective employees, seeks compensatory and punitive damages pursuant to the FCRA, but Defendants deny that they willfully or otherwise engaged in unlawful conduct and that Plaintiff is entitled to any damages. Except as expressly admitted, Defendants deny the allegations of Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.   Paragraph 4 of the Complaint alleges legal conclusions regarding Jurisdiction in the Superior Court of the State of California. This matter is no longer pending in the Superior Court of

the State of California. Thus, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 4 of the Complaint on that basis.

    5.    Paragraph 5 of the Complaint alleges legal conclusions regarding Venue in Alameda County Superior Court. This matter is no longer pending in the Superior Court of the State of California for the County of Alameda. Thus, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 5 of the Complaint on that basis.

    6.    Paragraph 6 of the Complaint alleges legal conclusions regarding Venue in Alameda County Superior Court. This matter is no longer pending in the Superior Court of the State of California for the County of Alameda. Thus, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 6 of the Complaint on that basis.

    7.    Paragraph 7 of the Complaint alleges legal conclusions regarding federal diversity jurisdiction and federal jurisdiction under the Class Action Fairness Act of 2005. This matter is before this Court on the basis of federal question jurisdiction. Thus, no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 7 of the Complaint on that basis.

## **PARTIES**

    8.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 8 of the Complaint and therefore deny these allegations.

    9.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9 of the Complaint and therefore deny these allegations.

    10.    In response to Paragraph 10 of the Complaint, Defendants admit that UPS, LP does business in the State of California. Defendants deny that UPS, LP is a California corporation. Except as expressly admitted, Defendants deny the allegations of Paragraph 10 of the Complaint.

    11.    In response to Paragraph 11 of the Complaint, Defendants admit that UPS, LLC does business in the State of California. Defendants deny that UPS, LLC is a Delaware corporation. Except as expressly admitted, Defendants deny the allegations of Paragraph 11 of the Complaint.

    12.    Defendants deny the allegations of Paragraph 12 of the Complaint.

    13.    Defendants deny the allegations of Paragraph 13 of the Complaint.

    14.    Defendants deny the allegations of Paragraph 14 of the Complaint.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

15. Defendants deny the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

## **CLASS ALLEGATIONS**

17. In response to Paragraph 17 of the Complaint, Defendants admit that Plaintiff purports to bring claims on behalf of a class. Defendants deny that the purported class of individuals is appropriate for treatment as a class and deny that Plaintiff's claims can be maintained as a class. Except as expressly admitted, Defendants deny the allegations of Paragraph 17 of the Complaint.

18. In response to Paragraph 18 of the Complaint, Defendants admit that Plaintiff purports to bring his claims on behalf of a class defined in Paragraph 18 of the Complaint. Defendants deny that the purported class of referenced individuals is appropriate for treatment as a class and deny that Plaintiff's claims can be maintained as a class. Except as expressly admitted, Defendants deny the allegations of Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 19 of the Complaint on that basis.

20. Paragraph 20 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 20 of the Complaint on that basis. Defendants further deny that the purported class of referenced individuals is appropriate for treatment as a class and deny that Plaintiff's claims can be maintained as a class action.

21. Paragraph 21 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required Defendants deny the allegations of Paragraph 21 of the Complaint on that basis. Defendants further deny that the purported class of referenced individuals is appropriate for treatment as a class and deny that Plaintiff's claims can be maintained as a class action.

22. Paragraph 22 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required Defendants deny the allegations of Paragraph 22 of the Complaint on that basis. Defendants further deny that the purported class of referenced individuals

is appropriate for treatment as a class and deny that Plaintiff's claims can be maintained as a class action.

23. Paragraph 23 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required Defendants deny the allegations of Paragraph 23 of the Complaint on that basis. Defendants further deny that the purported class of referenced individuals is appropriate for treatment as a class and deny that Plaintiff's claims can be maintained as a class action.

24. Paragraph 24 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required Defendants deny the allegations of Paragraph 24 of the Complaint on that basis. Defendants further deny that the purported class of referenced individuals is appropriate for treatment as a class and deny that Plaintiff's claims can be maintained as a class action.

25. Paragraph 25 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required Defendants deny the allegations of Paragraph 25 of the Complaint on that basis. Defendants further deny that the purported class of referenced individuals is appropriate for treatment as a class and deny that Plaintiff's claims can be maintained as a class action.

## GENERAL ALLEGATIONS

26. Defendants deny the allegations of Paragraph 26 of the Complaint. By way of further response, none of the Defendants submitting this Answer performed, requested, or ordered a background check on Plaintiff.

27. Paragraph 27 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 27 of the Complaint on that basis.

## FIRST CAUSE OF ACTION

**FAILURE TO PROVIDE PROPER DISCLOSURE IN VIOLATION OF THE FCRA**

28. Defendants reassert and incorporate their answers to Paragraphs 1 through 27 of the Complaint as though fully restated herein.

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

29. Paragraph 29 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 29 of the Complaint on that basis.

30. Paragraph 30 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 30 of the Complaint on that basis.

31. Paragraph 31 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 31 of the Complaint on that basis.

32. Paragraph 32 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 32 of the Complaint on that basis.

33. Paragraph 33 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 33 of the Complaint on that basis.

34. Paragraph 34 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 34 of the Complaint on that basis.

35. Paragraph 35 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 35 of the Complaint on that basis.

36. In response to Paragraph 36 of the Complaint, Defendants admit that, from time to time, in connection with their hiring processes, UPS, LP and UPS, LLC procure background reports for job applicants and on occasion for existing employees. Defendants deny that they procured or caused to be procured a background check on or for Plaintiff. To the extent that Paragraph 36 alleges legal conclusions to which no response is required, Defendants deny those allegations on that basis. Except as expressly admitted, Defendants deny the allegations of Paragraph 36 of the Complaint.

DEFENDANTS UNIVERSAL PROTECTION SERVICE, LP, UNIVERSAL PROTECTION SERVICE, LLC, ALLIED UNIVERSAL SECURITY SERVICES, AND ALLIED UNIVERSAL SECURITY SERVICES, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

37. Paragraph 37 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 37 of the Complaint on that basis.

38. Paragraph 38 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 38 of the Complaint on that basis.

39. Paragraph 39 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 39 of the Complaint on that basis.

40. Paragraph 40 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 40 of the Complaint on that basis.

41. Paragraph 41 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 41 of the Complaint on that basis.

42. Paragraph 42 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 42 of the Complaint on that basis.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. In response to Paragraph 47 of the Complaint, Defendants admit that Plaintiff, on behalf of himself and all purported class members, seeks remedies including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint. Except as expressly admitted, Defendants deny the allegations of Paragraph 47 of the Complaint.

48. In response to Paragraph 48 of the Complaint, Defendants admit that Plaintiff seeks, in the alternative, remedies including statutory damages and attorney's fees and costs. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint. Except as expressly admitted, Defendants deny the allegations of Paragraph 48 of the Complaint.

## SECOND CAUSE OF ACTION

**FAILURE TO GIVE PROPER SUMMARY OF RIGHTS IN VIOLATION OF THE FCRA**

49. Defendants reassert and incorporate their answers to Paragraphs 1 through 48 of the Complaint as though fully restated herein.

50. Paragraph 50 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 50 of the Complaint on that basis.

51. Paragraph 51 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 51 of the Complaint on that basis.

52. Paragraph 52 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 52 of the Complaint on that basis.

53. Paragraph 53 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 53 of the Complaint on that basis.

54. Paragraph 54 of the Complaint alleges legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 54 of the Complaint on that basis.

55. Defendants deny the allegations of Paragraph 55 of the Complaint.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Complaint.

61. In response to Paragraph 61 of the Complaint, Defendants admit that Plaintiff, on behalf of himself and all purported class members, seeks remedies including statutory damages and/or actual damages, punitive damages, injunctive and equitable relief, and attorneys' fees and costs. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint. Except as expressly admitted, Defendants deny the allegations of Paragraph 61 of the Complaint.

62. In response to Paragraph 62 of the Complaint, Defendants admit that Plaintiff seeks, in the alternative, remedies including statutory damages and attorney's fees and costs. Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint. Except as expressly admitted, Defendants deny the allegations of Paragraph 62 of the Complaint.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint and in his Prayer for Relief. Defendants further deny that the purported class of referenced individuals is appropriate for treatment as a class and that Plaintiff's claims can be maintained as a class action.

## DEMAND FOR JURY TRIAL

Defendants admit that Plaintiff has demanded a jury trial in the above-captioned case. Pursuant to the Federal Rules of Civil Procedure 38(b), Defendants demand a trial by jury on all issues so triable.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and additional defenses to the Complaint as follows, but do not assume the burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Defendants further reserve the right to assert other affirmative and additional defenses, including affirmative defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate. Defendants reserve the right to assert their affirmative defenses as to the proposed class, in the event that the class is certified.

1. Plaintiff's claims are barred in this forum because Plaintiff's claims are subject to arbitration pursuant to a contractual arbitration agreement.

2. Plaintiff's claims on behalf of the putative class are barred because Plaintiff and Defendants contractually agreed that each may only bring or pursue claims against the other in their individual capacities and expressly waived their rights to bring claims against the other on behalf of a class, or act as a plaintiff in any purported class or collective proceeding.

3. Plaintiff's and/or the putative class's claims are barred in whole or in part because they fail to allege facts sufficient to state a claim upon which relief may be granted as a matter of law.

4. Plaintiff's and/or the putative class's claims are barred, in whole or in part, by the applicable statutes of limitations and/or repose, including, but not limited to 15 U.S.C. § 1681p, and/or the doctrine of laches.

5. Adjudication of this action on a class-wide basis, as applied to the facts and circumstances of this case, would constitute a denial of Defendants' right to trial by jury and to substantive and procedural due process in violation of the Fourteenth Amendment of the United States Constitution. *See, e.g., Wal-Mart v. Dukes*, 131 S. Ct. 2541 (2011).

6. Plaintiff's and/or the putative class's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, acquiescence, unclean hands, release, and accord and satisfaction.

7. Plaintiff's and/or the putative class's claims are barred because Plaintiff and/or the putative class have failed to join one or more indispensable and/or necessary parties.

8. Plaintiff's claims on behalf of absent putative class members fail because Plaintiff cannot meet his burden of demonstrating that each requirement of Federal Rule of Civil Procedure 23, including but not limited to ascertainability, adequacy, typicality, commonality, predominance, and superiority, is met here, and because certifying a class in the circumstances of this case would violate Defendants' right to due process under the law.

9. Plaintiff's and/or the putative class's claims are barred because Defendants have maintained reasonable processes, policies, and procedures to comply with applicable law at all times relevant to Plaintiff's Complaint.

10. Plaintiff's and/or the putative class's claims, and their request for statutory penalties, costs of suit, interest, and reasonable attorneys' fees, are barred in whole or in part because, at all

material times, Defendants acted reasonably, in good faith, and without malice based upon all relevant facts and circumstances known to them at the time, and did not at any time willfully or otherwise fail to comply with the FCRA.

11. Plaintiff's and/or the putative class's claims for statutory damages violate the U.S. Constitution because: (a) the statutory damages that Plaintiff seeks would be disproportionate to the harm alleged or suffered by Plaintiff and/or the putative class and would be unconstitutionally excessive and/or an excessive fine; (b) the award of statutory damages would constitute an arbitrary and capricious taking of Defendants' property which is unjustified by any rational governmental interest; and (c) the FCRA is unconstitutionally vague and unjustifiably arbitrary.

12. Plaintiff's and/or the putative class's claims are barred in whole or in part because, to the extent that Defendants obtained any background reports in connection with an investigation of compliance with federal, state, or local laws and regulations, the rules of a self-regulatory organization, or any of Defendants' pre-existing policies (15 U.S.C. § 1681a(y)), the reports are not "consumer reports" as defined by the FCRA.

13. Plaintiff's and/or the putative class's claims are barred in whole or in part because Plaintiff and/or the putative class did not suffer any cognizable damage or other harm as a proximate result of any alleged acts or omissions of Defendants.

14. Plaintiff's and/or the putative class's claims are barred in whole or in part because any loss, damage, or injury alleged by Plaintiff or putative class members to have occurred was proximately caused or contributed to by the negligence or wrongful conduct of other parties, persons, or entities, and their negligence or wrongful conduct was an intervening and superseding cause of the purported loss, damage, or injury.

15. To the extent that Plaintiff and/or the putative class are entitled to recover from Defendants, Defendants are entitled to equitable or contractual indemnity from other persons and/or parties causing or contributing to such damages.

16. Plaintiff's and/or the putative class' claims are barred in whole or in part because, notwithstanding Defendants' alleged non-compliance, Plaintiff and/or the putative class members were aware of their purported statutory rights.

17. Plaintiff's claims are barred because Defendants did not employ Plaintiff and/or did not employ Plaintiff at all relevant times mentioned in the Complaint.

18. For the convenience of the parties and witnesses and in the interest of justice, this matter should be transferred to the Central District of California.

WHEREFORE, UPS, LP, UPS, LLC, AUSS, and AUSS, LLC pray for judgment in their favor and against Plaintiff as follows:

1. That the Complaint, and each claim asserted therein, be dismissed with prejudice;
2. That Plaintiff takes nothing by way of the Complaint;
3. That Defendants recover their attorneys' fees, costs and disbursements in this action; and
4. For such other and further relief as the Court deems just and proper.

DATED: January 20, 2021                    HUNTON ANDREWS KURTH LLP

By: */s/ Matthew Bobb*
HUNTON ANDREW KURTH LLP
MATTHEW BOBB (SBN 253308)
mbobb@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020

ROBERT T. QUACKENBOSS (*pro hac vice forthcoming*)
rquackenboss@HuntonAK.com
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: 202 • 955 • 1500
Facsimile: 202 • 778 • 2201

HUNTON ANDREWS KURTH LLP
ALYSON BROWN (*pro hac vice forthcoming*)
browna@HuntonAK.com
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA   23219-4047
Telephone: 804 • 788 • 8200
Facsimile: 804 • 788 • 8218

| | |
|---|---|
| 1 | HUNTON ANDREWS KURTH LLP |
| 2 | LUKAS MOFFETT (*pro hac vice forthcoming*) |
| 3 | lmoffett@HuntonAK.com |
| | 1445 Ross Avenue, Suite 3700 |
| 4 | Dallas, Texas 75202 |
| 5 | Telephone: 214 • 468 • 8204 |
| | Facsimile: 214 • 880 • 0011 |

Attorneys for Defendants UNIVERSAL PROTECTION SERVICE, LP, UNIVERSAL PROTECTION SERVICE, LLC, ALLIED UNIVERSAL SECURITY SERVICES, and ALLIED UNIVERSAL SECURITY SERVICES, LLC

DEFENDANTS UNIVERSAL PROTECTION SERVICE, LP, UNIVERSAL PROTECTION SERVICE, LLC, ALLIED UNIVERSAL SECURITY SERVICES, AND ALLIED UNIVERSAL SECURITY SERVICES, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On January 20, 2021, I served the foregoing document(s) described as **DEFENDANTS UNIVERSAL PROTECTION SERVICE, LP, UNIVERSAL PROTECTION SERVICE, LLC, ALLIED UNIVERSAL SECURITY SERVICES, AND ALLIED UNIVERSAL SECURITY SERVICES, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** on the interested parties in this action:

| | |
|---|---|
| Shaun Setareh<br>David Keledjian<br>SETAREH LAW GROUP<br>315 South Beverly Drive, Suite 315<br>Beverly Hills, CA 90212<br>Telephone: (310) 888-7771<br>Facsimile: (310) 888-0109<br>Email: shaun@setarehlaw.com<br>david@setarehlaw.com<br><br>*Attorneys for Plaintiff Pablo Cotzomi* | Scott Jang<br>Jackson Lewis P.C.<br>50 California Street, 9th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 394-9400<br>Facsimile: (415) 394-9401<br>Email: scott.jang@jacksonlewis.com<br><br>*Attorney for Defendant Point 2 Point Global Security, Inc.* |

[X] **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

[ ] **By OVERNIGHT MAIL:** by overnight courier, I arranged for the above-referenced document(s) to be delivered to an authorized overnight courier service for delivery to the addressee(s) above, in an envelope or package designated by the overnight courier service with delivery fees paid or provided for.

[ ] **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

[X] **By CM/ECF:** I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants (if any) indicated on the Manual Notice list.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 20, 2021, at Los Angeles, California.

_____
Lourdes O. Gomez